21-2451-cr
*United States v. Ramon Hall*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                        21-2451-cr

v.

RAMON HALL ,

*Defendant-Appellant.*

---

FOR APPELLEE:                         Sarah L. Kushner, David Abramowicz,
                                      Assistant United States Attorneys, *for*
                                      Damian Williams, United States Attorney
                                      for the Southern District of New York,
                                      New York, NY.


FOR DEFENDANT-APPELLANT:               Edward S. Zas, Kendra Hutchinson,
                                       Federal Defenders of New York, Inc.,
                                       New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Ramon Hall appeals from a judgment of conviction, in which he was sentenced principally to 77 months of imprisonment for being a felon in possession of ammunition, arguing that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We employ the "deferential abuse-of-discretion standard" to review a sentence for substantive reasonableness, *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and will vacate only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We will conclude that a sentence is substantively unreasonable only if it is "'shockingly high, shockingly low, or otherwise' . . . would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *Rigas*, 583 F.3d at 123).

On appeal, Hall contends that his 77-month sentence, at the bottom of the advisory Guidelines range, is substantively unreasonable because it: (1) fails to adequately account for mitigating factors, Def. Br. 21–22; (2) is a function of the Guidelines calculation that "overstated the seriousness of his criminal record," *id.* at 12, 22–24; (3) fails "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* at 18 (quoting 18 U.S.C. § 3553(a)(6)); (4) fails to reflect that Hall "has served his entire custodial period during the COVID-19 pandemic," *id.* at 10, 25; and (5) "is unreasonably harsh given that Mr. Hall will almost surely be deported following it," *id.* at 25.

Under the circumstances, we are not persuaded that Hall's bottom-of-Guidelines sentence of 77 months was substantively unreasonable. First, the District Court considered and credited Hall's mitigating factor arguments. *See* App'x 96. Second, it did not mechanically impose a Guidelines sentence, but rather carefully reflected on the specific acts within his criminal record. App'x 95 ("Mr. Hall does have a serious criminal history that the Court simply can't ignore. And some of those offenses were, in fact, quite violent."). Third, we reject Hall's argument on sentence disparities because he has not shown that similarly situated defendants were sentenced in the cases he cites. Def. Br. 19–20; *see also United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) ("The 'avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges'" and "where, as here, 'the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need

to avoid unwarranted disparities.'" (quoting *Gall v. United States*, 552 U.S. 38, 54 (2007))).  Finally, the District Court mentioned Hall's argument about deportation, *see* App'x 94, 97–98, and although the District Court did not expressly mention Hall's COVID-19 argument, it "carefully reviewed and considered," inter alia, the PSR and Hall's sentencing submission and ultimately chose a sentence at the bottom of the Guidelines range, *see* App'x 76.  Because the relative weight to afford to aggravating and mitigating factors is "firmly committed" to the District Court's discretion and our role is limited to assessing if "a factor 'can bear the weight assigned it under the totality of the circumstances in the case,'" *Broxmeyer*, 699 F.3d at 289 (quoting *Cavera*, 550 F.3d at 191), we reject Hall's argument that his sentence was substantively unreasonable.

## CONCLUSION

We have reviewed the remaining arguments raised by Hall on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk